UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

TIERA HOLMES,
    Plaintiff,
-vs.-                                          **DEMAND FOR JURY TRIAL**

SANTANDER CONSUMER USA, INC.,
    Defendant.
_____

# COMPLAINT & JURY DEMAND

Plaintiff, TIERA HOLMES, through counsel, Nitzkin and Associates, by Gary Nitzkin states the following claims for relief:

# JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

# PARTIES

3. The Defendant to this lawsuit is Santander Consumer USA, Inc. which is an Illinois corporation that maintains registered offices in Oakland County.

1

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Jefferson Parish, Louisianna.

5. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect on a consumer type debt allegedly owned by Plaintiff for a vehicle in the amount of about $1,600.

7. The original creditor was HSBC.

8. Santander purchased this debt up while the Plaintiff was in default.

9. Defendant first started calling Plaintiff about a year ago.

10. Ever since March 2010, Defendant has called Plaintiff on both her cell phone and her work phone.

11. In March 2010, Defendant threatened to garnish Plaintiff's wages and repossess the vehicle; however, this was never done.

12. Plaintiff first asked Defendant to stop calling her on her work phone in March 2010, however, the calls at Plaintiff's work placed by Defendant continued.

13. Sometime within the last year, Plaintiff asked Defendant again to stop calling her at her work, however, Defendant continued to call Plaintiff at her place of employment.

14. Defendant frequently calls Plaintiff from blocked phone numbers. Defendant has called Plaintiff 5-6 times in one day, all in a row.

15. To date, Defendant has not sent anything in writing to Plaintiff.

16. Defendant has left several voicemail messages for the Plaintiff in which it failed to identify itself as a debt collector.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff reincorporates the preceding allegations by reference.

18. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

19. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

20. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

21. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq;

22. The Plaintiff has suffered damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

23. Plaintiff incorporates the preceding allegations by reference.

24. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

25. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

26. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §339.915

27. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

28. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

29. Plaintiff incorporates the preceding allegations by reference.

30.  Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act  ("MCPA"), at MCL § 445.251.

31. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

32. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252

33. Plaintiff has suffered damages as a result of these violations of the MCPA.

34. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

# DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorney fees.

Respectfully submitted,

November 14, 2011
/s/ Gary Nitzkin
GARY D. NITZKIN  P41155
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email –gnitzkin@creditor-law.com